IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 18–cv–00588–RM–KMT

LARRY ALLEN THOMPSON,

    Plaintiff,

v.

JASON LENGRICH, WARDEN, BUENA VISTA CORR. FAC.,
JENNIFER HANSEN, BVCF SECURITY SVC. CAPTAIN, and
WILLIAM CATTELL, BVCF EAST UNIT SUPERVISOR,

    Defendants.

## ORDER

Before the court is Plaintiff's "Motion for Appointment of Qualified Counsel," (Doc. No. 27), filed on January 2, 2020, as well as Plaintiff's "Motion for Appointment of Counsel from the 'Civil Pro Bono Program' Pursuant to D.C.COLO.LAttyR 15, and for Litigation Cost(s) to be Defrayed by Indigent Plaintiff's Fund," (Doc. No. 31), filed on January 21, 2020. No response has been filed to either motion, and the time to do so has lapsed. After carefully considering both motions and the related briefing, the court has determined that the interests of justice do not warrant the appointment of civil counsel.

The determination as to whether to appoint counsel in a civil case is left to the sound discretion of the district court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). The court must "give careful consideration to all the circumstances with particular emphasis upon

certain factors that are highly relevant to a request for counsel." *Id.* (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). Those factors include: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Id.* (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy*, 753 F.2d at 838). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* (quoting *McCarthy*, 753 F.2d at 839).

Pursuant to the Local Rules of Practice of the United States District Court for the District of Colorado-Attorney, the following unrepresented parties are eligible for the appointment of *pro bono* counsel: (1) a party who has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915; (2) an unrepresented prisoner; and (3) a non-prisoner, unrepresented party who demonstrates limited financial means. D.C.COLO.LAttyR 15(e). In addition to eligibility, the court applies the following factors and considerations to evaluate a motion for the appointment of counsel in a civil case: (1) the nature and complexity of the action; (2) the potential merit of the *pro se* party's claims; (3) the demonstrated inability of the unrepresented party to retain an attorney by other means; and (4) the degree to which the interests of justice will be served by the appointment of counsel, including the benefit the court may derive from the assistance of the appointed counsel. D.C.COLO.LAttyR 15(f)(1)(B).

Plaintiff Larry Allen Thompson, a *pro se* inmate litigant,[1] brings this action under 42 U.S.C. § 1983, alleging that he was subjected to unconstitutional conditions of confinement while incarcerated at the Colorado Department of Corrections' Buena Vista Correctional Facility ["BVCF"]. (Doc. No. 10 at 2-26.) He alleges, specifically, that BVCF is overcrowded and understaffed, and that these conditions, along with the prison's shower conditions and policies, violated his rights under the Fourth, Eighth, and Fourteenth Amendments. (*Id.* at 4-26.) Plaintiff lodges his claims against three individual BVCF prison guards, in their official and personal capacities. (*Id.* at 2-26.) He seeks injunctive relief, as well as compensatory and punitive damages. (*Id.* at 28.)

After an initial screening under 28 U.S.C. § 1915A, all of Plaintiff's claims were dismissed, as legally frivolous. (Doc. No. 13.) On appeal, the Tenth Circuit reversed and remanded the dismissal of the following causes of action: (1) the Eighth Amendment claims, which were premised on BVCF's shower conditions and policy, against Defendants in their individual capacities; (2) the Eighth Amendment claim, which was premised on overcrowding and understaffing at BVCF, against Defendant Lengerich in his individual capacity; (3) the Fourteenth Amendment bodily privacy claims against Defendants in their individual capacities; and (4) the Fourteenth Amendment equal protection claims against Defendants in their individual

---

[1] Mindful of Plaintiff's *pro se* status, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

capacities. (Doc. No. 26 at 17.) The claims are neither novel, nor complex, and as evidenced by his successful appeal, Plaintiff has relayed the substance of his claims effectively thus far.

In support of his request for the appointment of counsel, Plaintiff states that he "has no formal and/or legal education or training in the field and practice of law." (Doc. No. 27 at 2.) Plaintiff contends that the "complexities of the Constitutional claims & issues as recognized by the [Tenth Circuit] are far beyond [his] ability to present and argue before the Court." (*Id.*) Plaintiff contends further that, because he is no longer housed at BVCF, he has "absolutely zero access to witnesses, both inmate and staff (present & past) whose testimony and/or depositions would be relevant and necessary for the court's full understanding of the unconstitutional conditions which are inextricably bound to the core issues & claims of this civil action." (*Id.*) Thompson argues that, if this case proceeds to trial, he would "undoubtedly be denied access to" discoverable evidence by Defendants. (*Id.* at 2-3.) However, he does not specifically address the nature and complexity of the action, the potential merit of his claims, or any efforts he has undertaken to retain an attorney by other means.[2] *See* D.C.COLO.LAttyR 15(f)(1)(B). In addition, the court does not see any benefit that it may derive from the assistance of appointed counsel. On balance, therefore, the court does not find the appointment of counsel to be warranted.

In his most recent motion, which largely reiterates the arguments raised in the prior motion, Plaintiff states that he is "a poor person" who lacks "the financial resources with which

---

[2] To the extent Plaintiff argues that Defendants will withhold discoverable evidence from him, that is not a valid reason to appoint counsel. If Plaintiff believes Defendants are withholding such evidence, the appropriate remedy is to compel discovery, or to move for sanctions under Federal Rule of Civil Procedure 11.

to retain counsel," and that he cannot "pay the potentially enormous costs that this civil action will require." (Doc. No. 31 at 1.) Again, however, Plaintiff fails to address the relevant factors pertaining to the appointment of counsel. *See* D.C.COLO.LAttyR 15(f)(1)(B). Given that Defendants have not yet answered, or otherwise responded to, the operative complaint, the claims at issue have not yet been defined, and the court cannot evaluate the complexity or merits of the parties' respective positions. Therefore, the court cannot conclude that the interests of justices would be served by the appointment of *pro bono* counsel.

Accordingly, it is

**ORDERED** that the "Motion for Appointment of Qualified Counsel" (Doc. No. 27) is **DENIED**. It is further **ORDERED** that the "Motion for Appointment of Counsel from the 'Civil Pro Bono Program' Pursuant to D.C.COLO.LAttyR 15, and for Litigation Cost(s) to be Defrayed by Indigent Plaintiff's Fund" (Doc. No. 31) is **DENIED**.

This 5th day of March, 2020.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge