IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 18–cv–00588–RM–KMT

LARRY ALLEN THOMPSON,

    Plaintiff,

v.

JASON LENGRICH, WARDEN, BUENA VISTA CORR. FAC.,
JENNIFER HANSEN, BVCF SECURITY SVC. CAPTAIN, and
WILLIAM CATTELL, BVCF EAST UNIT SUPERVISOR,

    Defendants.

## ORDER

Before the court is Plaintiff's "Renewed Motion for Appointment of Counsel Pursuant to D.C.COLO.LAttyR 15." (["Motion"], Doc. No. 58.) No response has been filed to the Motion, and the time to do so has lapsed. After carefully considering the Motion, as well as related briefing, the court has determined that the interests of justice do not warrant the appointment of civil counsel.

The determination as to whether to appoint counsel in a civil case is left to the sound discretion of the district court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). The court must "give careful consideration to all the circumstances with particular emphasis upon certain factors that are highly relevant to a request for counsel." *Id.* (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). Those factors include: "the merits of the

litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Id.* (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy*, 753 F.2d at 838). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* (quoting *McCarthy*, 753 F.2d at 839).

Pursuant to the Local Rules of Practice of the United States District Court for the District of Colorado-Attorney, the following unrepresented parties are eligible for the appointment of *pro bono* counsel: (1) a party who has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915; (2) an unrepresented prisoner; and (3) a non-prisoner, unrepresented party who demonstrates limited financial means. D.C.COLO.LAttyR 15(e). In addition to eligibility, the court applies the following factors and considerations to evaluate a motion for the appointment of counsel in a civil case: (1) the nature and complexity of the action; (2) the potential merit of the *pro se* party's claims; (3) the demonstrated inability of the unrepresented party to retain an attorney by other means; and (4) the degree to which the interests of justice will be served by the appointment of counsel, including the benefit the court may derive from the assistance of the appointed counsel. D.C.COLO.LAttyR 15(f)(1)(B).

Plaintiff Larry Allen Thompson, a *pro se* inmate litigant,[1] brings this action under 42 U.S.C. § 1983, alleging that he was subjected to unconstitutional conditions of confinement while incarcerated at the Colorado Department of Corrections' Buena Vista Correctional Facility ["BVCF"]. (Doc. No. 10 at 2-26.) He alleges, specifically, that BVCF is overcrowded and understaffed, and that these conditions, along with the prison's shower conditions and policies, violated his rights under the Fourth, Eighth, and Fourteenth Amendments. (*Id.* at 4-26.) Plaintiff lodges his claims against three individual BVCF prison guards, in their official and personal capacities. (*Id.* at 2-26.) He seeks injunctive relief, as well as compensatory and punitive damages. (*Id.* at 28.)

After an initial screening under 28 U.S.C. § 1915A, all of Plaintiff's claims were dismissed, as legally frivolous. (Doc. No. 13.) On appeal, the Tenth Circuit reversed and remanded the dismissal of the following causes of action: (1) the Eighth Amendment claims, which were premised on BVCF's shower conditions and policy, against Defendants in their individual capacities; (2) the Eighth Amendment claim, which was premised on overcrowding and understaffing at BVCF, against Defendant Lengerich in his individual capacity; (3) the Fourteenth Amendment bodily privacy claims against Defendants in their individual capacities; and (4) the Fourteenth Amendment equal protection claims against Defendants in their individual

---

[1] Mindful of Plaintiff's *pro se* status, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

capacities.[2] (Doc. No. 26 at 17.) The claims are neither novel, nor complex, and as evidenced by his successful appeal, Plaintiff has relayed the substance of his claims effectively thus far.

In support of his present request for the appointment of counsel, Plaintiff states that he "has no formal and/or legal education or training in the field & practice of law." (Mot. 3.) Plaintiff reports that he remains "financially unable to retain private counsel," despite making "several attempts to obtain (pro bono) representation." (*Id.*) He also reports that, due to complications arising from the COVID-19 pandemic, his access to the prison law library has recently been restricted to less than three hours per week. (*Id.*) Plaintiff contends that Defendants "have more than an overwhelming advantage" in this case, because they are represented by "highly educated, legally trained, Bar certified licensed attorneys." (*Id.*) Thompson argues that such an advantage "is contrary to the interests of justice." (*Id.*) Plaintiff is adamant that he "deserve[s] to be properly, professionally, and aggressively represented." (*Id.*) Nevertheless, Plaintiff does not specifically address the nature and complexity of the action, the potential merit of his claims, or the actual efforts he has undertaken to retain an attorney by other means. *See* D.C.COLO.LAttyR 15(f)(1)(B). Although Plaintiff has expressed concern about his ability to litigate this case while incarcerated, his inmate status alone does not entitle him to appointed counsel. *See Williams v. Ezell*, 534 F. App'x 699, 703 (10th Cir. 2013); *Griffin v. Ortiz*, 286 F. App'x 538, 541 (10th Cir. 2008). In addition, the court does not see any benefit that it may derive from the assistance of appointed counsel. Moreover, discovery in this matter is currently stayed; thus, the parties' outstanding obligations are limited. On balance,

---

[2] Discovery in this matter was stayed, on May 18, 2020, pending resolution of an outstanding motion to dismiss. (Doc. No. 62; *see* Doc. No. 54.)

therefore, the court cannot conclude that the interests of justices would be served by the appointment of *pro bono* counsel.

Accordingly, it is

**ORDERED** that Plaintiff's "Renewed Motion for Appointment of Counsel Pursuant to D.C.COLO.LAttyR 15" (Doc. No. 58) is **DENIED**.

This 3rd day of June, 2020.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge