IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 18–cv–00588–RM–KMT

LARRY ALLEN THOMPSON,

    Plaintiff,

v.

JASON LENGRICH, WARDEN, BUENA VISTA CORR. FAC.,
JENNIFER HANSEN, BVCF SECURITY SVC. CAPTAIN,
WILLIAM CATTELL, BVCF EAST UNIT SUPERVISOR, and
THE COLORADO DEPARTMENT OF CORRECTIONS (CDOC),

    Defendants.

## ORDER

Before the court is "Plaintiff's Motion for the Appointment of Qualified Counsel Pursuant to D.C.COLO.LCivR 7.1(b)(1) & D.C.COLO.LAttyR 15(e)(1)(b)."[1] (["Motion"], Doc. No. 99.)  No response has been filed to the Motion, and thew time to do so has lapsed.  After carefully considering the Motion, as well as related briefing, the court has determined that the interests of justice do not warrant the appointment of civil counsel.

The determination as to whether to appoint counsel in a civil case is left to the sound discretion of the district court.  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  The

---

[1] Thompson simultaneously filed this identical motion in another pending lawsuit.  *See* Plaintiff's Motion for the Appointment of Qualified Counsel Pursuant to D.C.COLO.LCivR 7.1(b)(1) & D.C.COLO.LAttyR 15(e)(1)(b), *Thompson v. Williams*, No. 1:21-cv-00602-RM-KMT (D. Colo. Jun. 1, 2021), ECF No. 19.

court must "give careful consideration to all the circumstances with particular emphasis upon certain factors that are highly relevant to a request for counsel." *Id.* (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). Those factors include: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Id.* (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy*, 753 F.2d at 838). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* (quoting *McCarthy*, 753 F.2d at 839).

Pursuant to the Local Rules of Practice of the United States District Court for the District of Colorado-Attorney, the following unrepresented parties are eligible for the appointment of *pro bono* counsel: (1) a party who has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915; (2) an unrepresented prisoner; and (3) a non-prisoner, unrepresented party who demonstrates limited financial means. D.C.COLO.LAttyR 15(e). In addition to eligibility, the court applies the following factors and considerations to evaluate a motion for the appointment of counsel in a civil case: (1) the nature and complexity of the action; (2) the potential merit of the *pro se* party's claims; (3) the demonstrated inability of the unrepresented party to retain an attorney by other means; and (4) the degree to which the interests of justice will be served by the appointment of counsel, including the benefit the court may derive from the assistance of the appointed counsel. D.C.COLO.LAttyR 15(f)(1)(B).

*Pro se* Plaintiff Larry Allen Thompson,[2] an inmate in the Colorado Department of Corrections ["CDOC"], brings this action under 42 U.S.C. § 1983, alleging that he was subjected to unconstitutional conditions of confinement while incarcerated at the CDOC's Buena Vista Correctional Facility ["BVCF"]. (["Amended Complaint"], Doc. No. 82.) He alleges, specifically, that BVCF is overcrowded and understaffed, and that these conditions, along with the prison's shower conditions and policies, violated his rights under the Fourth, Eighth, and Fourteenth Amendments. (*Id.* at 5-21.) Plaintiff lodges his claims against the CDOC, as well as three individual BVCF prison guards, in their official and personal capacities. (*Id.* at 1-4.) He seeks injunctive relief, as well as compensatory and punitive damages. (*Id.* at 24.)

After an initial screening under 28 U.S.C. § 1915A, all of Plaintiff's claims set forth in his initial pleading were dismissed, as legally frivolous. (Doc. No. 13.) On appeal, the Tenth Circuit reversed and remanded the dismissal of the following causes of action: (1) the Eighth Amendment claims, which were premised on BVCF's shower conditions and policy, against Defendants in their individual capacities; (2) the Eighth Amendment claim, which was premised on overcrowding and understaffing at BVCF, against Defendant Lengerich in his individual capacity; (3) the Fourteenth Amendment bodily privacy claims against Defendants in their individual capacities; and (4) the Fourteenth Amendment equal protection claims against Defendants in their individual capacities. (Doc. No. 26 at 17.) Plaintiff thereafter filed an

---

[2] Mindful of Plaintiff's *pro se* status, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

Amended Complaint, naming the CDOC as a Defendant, as well. (Am. Compl. 4.) The claims are neither novel, nor complex, and as evidenced by his successful appeal, Plaintiff has relayed the substance of his claims effectively thus far.

In support of his present request for counsel, Plaintiff states that he "lacks the monetary resources with which to retain competent representation," and he directs the court to evidence of his "several attempts to secure the pro bono services of a qualified attorney." (Mot. 3.) Plaintiff states that this case involves "Medical and Mental Health issues," which he argues "will more likely than not require Expert Witness testimony." (*Id.*) He argues that he "lacks ligitative [sic] experience to competently conduct the basic, yet necessary processes such as Discovery; Depositions; Interrogatories; and the serving of subpoenas," and he claims that he lacks the "wherewithal and/or resources with which to obtain expert witnesses." (*Id.* at 3-4.) Plaintiff laments that he has "has no education and/or training in the field and practice of law," and thus, is "outnumbered and overmatched" as against Defendants, who "are represented by highly educated, trained, and experienced litigators from the State's Attorney's General office." (*Id.* at 4.) Thompson is adamant that, "unlike many of the jailhouse/prison pro se litigants who habitually disrespect and waste[] this Court's time & resources with petty and/or frivolous lawsuits," his case involves "Relevant, Non-Frivolous & Meritorious Constitutional claims and issues," which he argues "deserve to be competently presented to the Court" by an appointed attorney. (*Id.* at 6.) Plaintiff argues that, given his "layman's understanding and sixth grade education," he is "not qualified to represent himself in these matters." (*Id.*) However, based on Plaintiff's relative success thus far in proceeding with his case, as well as the clear and concise manner with which he has articulated his various points of contention throughout this litigation,

4

the court finds these arguments to be unavailing. Further, while Plaintiff does attempt to address each of the aforementioned factors set forth in Local Attorney Rule 15(f)(1)(B), the court nevertheless does not find the facts and circumstances to warrant the appointment of counsel here. *See* D.C.COLO.LAttyR 15(f)(1)(B).

Although Plaintiff has expressed concern about his ability to litigate this case while incarcerated, his inmate status alone does not entitle him to appointed counsel. *See Williams v. Ezell*, 534 F. App'x 699, 703 (10th Cir. 2013); *Griffin v. Ortiz*, 286 F. App'x 538, 541 (10th Cir. 2008). In addition, the court does not see any benefit that it may derive from the assistance of appointed counsel. Moreover, discovery in this matter remains stayed, and Plaintiff has already filed a response to the Defendants' pending motion to dismiss. (*See* Doc. Nos. 62, 97.) As such, the parties' outstanding obligations are limited. On balance, therefore, the court cannot conclude that the interests of justices would be served by the appointment of *pro bono* counsel.

Accordingly, it is

**ORDERED** that the "Plaintiff's Motion for the Appointment of Qualified Counsel Pursuant to D.C.COLO.LCivR 7.1(b)(1) & D.C.COLO.LAttyR 15(e)(1)(b)" (Doc. No. 99) is **DENIED**.

Dated this 1st day of October, 2021.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge