**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 18-cv-00588-RM-SKC

LARRY ALLEN THOMPSON a/k/a Larry Allen Range,

    Plaintiff,

v.

JASON LENGERICH,
JENNIFER HANSEN,
WILLIAM CATTELL, and
COLORADO DEPARTMENT OF CORRECTIONS,

    Defendants.

---

## ORDER
---

This prisoner civil rights case is before the Court on the Recommendation of United States Magistrate Judge S. Kato Crews (ECF No. 106) to grant Defendants' Motion to Dismiss (ECF No. 94). Plaintiff filed Objections to the Recommendation. (ECF No. 107.) For the reasons below, the Court overrules the Objections and adopts the Recommendation, which is incorporated into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

**I.  LEGAL STANDARDS**

    **A.  Review of a Magistrate Judge's Recommendation**

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir.

1996). "In the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

### B.     Dismissal under Fed. R. Civ. P. 12(b)(1)

Pursuant to Fed. R. Civ. P. 12(b)(1), a court may dismiss a complaint for "lack of jurisdiction over the subject matter." "The general rule is that subject matter jurisdiction may be challenged by a party or raised *sua sponte* by the court at any point in the proceeding." *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). Although the burden of establishing subject matter jurisdiction is on the party asserting jurisdiction, "[a] court lacking jurisdiction must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Smith v. Krieger*, 643 F. Supp. 2d 1274, 1289 (D. Colo. 2009) (quotation omitted).

### C.     Dismissal under Fed. R. Civ. P. 12(b)(6)

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

### D.     Treatment of a Pro Se Plaintiff's Pleadings

The Court liberally construes Plaintiff's pro se pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  But a pro se plaintiff must follow the same rules of procedure that govern other litigants, and the Court does not supply additional factual allegations to round out a complaint or construct legal theories on his behalf. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009).  The Court may excuse a pro se plaintiff's failure to cite proper legal authority, confusion about various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements, but it does not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II.    BACKGROUND

Plaintiff is a state prisoner in the custody of the Colorado Department of Corrections ("CDOC") who proceeds pro se in this matter.  For present purposes, the allegations in the Second Amended Complaint (ECF No. 82) are construed liberally and, if not conclusory, accepted as true.  As set forth in more detail in the Recommendation, Plaintiff alleges he was subjected to unconstitutional conditions of confinement at the Buena Vista Correctional Facility ("BVCF") because after he was transferred to a unit that had communal showers only, he was not able to shower separately from other prisoners for about twenty-five days.  He also asserts that the conditions of his confinement were unconstitutional because the facility was overcrowded and understaffed.

With respect to the shower conditions, he alleges that he suffers from post-traumatic stress syndrome disorder ("PTSS/D") due to a childhood sexual assault, and therefore he cannot shower with other prisoners without adverse effects on his mental health.  He refused to shower

for a period of twenty-five days, during which he feared retaliation from his cellmate, before he was then allowed to shower separately.

With respect to overcrowding at BVCF, Plaintiff alleges his cell, which he shares with another prisoner, is too small, and that basic cleaning supplies were not provided, which was particularly concerning to him because he has a compromised immune system. With respect to understaffing, he contends prisoners and prison officials are at greater risk of harm because of insufficient staff. Although he does not allege any direct injuries to himself due to understaffing, the Complaint describes incidents of violence involving other prisoners and prison officials that he attributes to understaffing. He brings this lawsuit pursuant to 42 U.S.C. § 1983, asserting claims for violations of his rights to bodily privacy, equal protection, humane conditions of confinement, and other rights under the Eighth and Fourteenth Amendments. Defendants' Motion to Dismiss was referred to the magistrate judge for a recommendation. After it was fully briefed, the magistrate judge recommended dismissing each of Plaintiff's claims.

## III.   ANALYSIS

In the Recommendation, the magistrate judge determined that Plaintiff's claims against CDOC are barred because it is an arm of the state, and therefore it has Eleventh Amendment immunity. In his Objections, Plaintiff fails to explain how the magistrate judge erred in reaching this conclusion. He seems to assert that CDOC should not enjoy immunity because it has authority to change policy and administrative regulations at BVCF, while also conceding that he "undoubtedly won't prevail on this specific objection." (ECF No. 107 at 2.) The Court agrees with the magistrate judge's analysis of Plaintiff's claims against the CDOC and the recommendation to dismiss these claims without prejudice.

The magistrate judge rejected Defendants' contention that Plaintiff does not have standing to bring a claim for violation of bodily privacy because he did not actually take a communal shower. (*See* ECF No. 106 at 13-17.) Nonetheless, the magistrate judge went on to conclude that the individual Defendants were entitled to qualified immunity on this claim because Plaintiff failed to show he had a clearly defined right to shower privately. In his Objections, Plaintiff argues that it is not legally frivolous for him to argue in favor of extending existing precedent recognizing prisoners' right to privacy. (ECF No. 107 at 4.) That might be if the case were in a different posture, but to overcome the individual Defendants' qualified immunity defense and hold them liable for a violation of his rights, Plaintiff must show that existing precedent would have put them on notice they were violating his constitutional rights. *See Soza v. Demsich*, 13 F.4th 1094, 1099, (10th Cir. 2021). Although he does not need to identify a case exactly on point, existing case law must be sufficient to have placed the constitutional issue beyond debate. *See id.* In this respect, Plaintiff's reliance on cases involving prison officials viewing naked prisoners of the opposite sex is unavailing. *See, e.g.*, *Combey v. Meachum*, 684 F.2d 712, 714 (10th Cir. 1982). The Court concurs with the magistrate judge's conclusion that the cases on which Plaintiff relies are distinguishable from the circumstances here, and they define a prisoner's right to bodily privacy "at too high of a level of abstraction to show a clearly established right" to shower privately. (ECF No. 106 at 21.) Therefore, the Court overrules Plaintiff's Objections regarding his bodily privacy claim.

Next, the magistrate judge found Plaintiff's equal protection claim fails because he has failed to establish that he is similarly situated to transgender and intersex prisoners, who are allowed to shower privately pursuant to prison regulations. Plaintiff objects on the grounds that, like these types of prisoners, he, too, has personal safety concerns because of his PTSS/D. (ECF

No. 107 at 11.) But regardless of whatever parallels may drawn between Plaintiff and transgender and intersex prisoners, the Court agrees with the magistrate judge's determination that there are relevant differences between prisoners diagnosed with PTSS/D and those who identify as transgender or intersex. "Individuals are similarly situated only if they are alike in all relevant respects." *Requena v. Roberts*, 893 F.3d 1195, 1210 (10th Cir. 2018) (quotation omitted). Plaintiff's equal protection claim fails because he has not shown he is similarly situated to transgender and intersex prisoners in all material respects, and therefore the individual Defendants are entitled to qualified immunity as to this claim as well.

      Finally, the magistrate judge concluded that Plaintiff's remaining claims fail because he has not shown the type of extreme deprivation required to state a claim under the Eighth Amendment, and therefore the individual Defendants are entitled to qualified immunity on these claims also. In his Objections, Plaintiff cites *Ramos v. Lamm*, 639, F.2d 559 (10th Cir. 1980), and *Battle v. Anderson*, 564 F.2d 388 (10th Cir. 1977), for proposition that the conditions he has alleged at BVCF are "woefully unconstitutional." (ECF No. 107 at 14.) However, accepting Plaintiff's allegations as true for present purposes, his conditions of confinement were nowhere near as egregious as the conditions at issue in those cases. *See, e.g.*, *Ramos*, 639 F.2d at 567-78 (discussing in detail significant Eighth Amendment deficiencies with respect to shelter and sanitation, food, personal safety, and health care); *Battle*, 564 F.2d at 400 (concluding district court's finding that overcrowding at two facilities, when considered with other circumstances, constituted cruel and unusual punishment was not clearly erroneous). Accordingly, the Court discerns no error with respect to the magistrate judge's analysis of these claims.

IV.     **CONCLUSION**

Therefore, Court ORDERS as follows:

(1)     the Objections (ECF No. 107) are OVERRULED,

(2)     the Recommendation (ECF No. 106) is ACCEPTED,

(3)     the Motions to Dismiss (ECF No. 94) is GRANTED, and

(4)     the Clerk is directed to CLOSE this case.

DATED this 29th day of March, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge